[No. 33005. Department Two. October 15, 1954.]

THE STATE OF WASHINGTON, *Respondent*, v. KING COUNTY, *Appellant*.[1]

*Charles O. Carroll* and *V. D. Bradeson*, for appellant.

*The Attorney General* and *Bernard A. Johnson, Assistant*, for respondent.

GRADY, C. J.—This action was brought by the state of Washington against King county to recover a judgment for unpaid industrial insurance and medical aid premiums. The court entered a judgment for the amount found to be due.

The appellant operates the King county hospital system, a unit of which is the Harborview Hospital in Seattle, and employs engineers, laundry workers, and window washers.

The issue before us for determination is whether appellant in such operation is engaged in extrahazardous work.

The appellant advances two theories in support of its claim that the industrial insurance act does not apply to its hospital operations: (1) that in operating its hospital system it is performing a governmental function and therefore it is immune from the payment of industrial insurance premiums on the same theory that it is immune from tort liabil-

[1]Reported in 275 P. (2d) 429.

398

ity; (2) that the legislature in its enumeration of extrahazardous work and occupations in the industrial insurance act did not include hospitals, and that the director of labor and industries has not exercised the power given to him by the act (RCW 51.12.040) to declare hospitals or the work involved in them to be extrahazardous.

Respondent advances the theory that hospital operation by a county has been brought under the act by RCW 51.12-.050, and that the legislature by RCW 51.20.130 has classified county operation and maintenance in an extrahazardous category (class 15-1), upon which basic premium rates are established by the department of labor and industries.

The respective statutes above referred to, in so far as applicable, read as follows:

RCW 51.12.050 "Whenever the state, county, any municipal corporation, or other taxing district shall engage in any extrahazardous work, or let a contract therefor, in which workmen are employed for wages, this title shall be applicable thereto. . . ."

RCW 51.20.130 Class 15. "City and county operation and maintenance (includes all extrahazardous operations in connection with regular functions of city and county government) . . ."

With reference to the classification of employees and the nature of the work done by them, Vernor J. Fitzgerald, business manager of the King county hospital, testified as follows:

"Q. Well, Mr. Fitzgerald, I wonder if you could just explain for the Court now as to what these people do that were covered. If you will just explain briefly as to what those people do, what kind of work they are engaged in. A. Well, the engineers as a classification, which includes the chief engineer, the assistant chief, the shift engineers, the firemen, relief firemen, all have general responsibility for the operation of the boiler room and maintenance of the buildings and the grounds. That is, in their various capacities. Then we have— Q. Is that throughout the building? A. Throughout the building, yes, or the buildings. Q. What do they do upstairs or in other buildings beside the boiler room? A. Well, then in addition to that we have four maintenance engineers who perform all the regular maintenance and repair work

throughout the hospital, so that it's a combination situation of mechanical repair and maintenance functions to see that everything is in operation. There may be plumbing, electrical work, motor work, greasing and oiling, et cetera. Q. I see. And what about the window washers? A. Well, he washes windows. Q. I know, but are they regular window washers in the regular building maintenance, or are they a little different? A. Well, the function of the window washer is to keep the windows clean. He's an employee of the housekeeping department. Q. That's right. Well, now, how about inside — THE COURT: He goes outside and washes? A. Actually our windows all open so that he works from the inside rather than on the outside on a belt, as many of them do. Q. In other words, all his work is inside the building? A. He has to open the windows up and can work from the inside of the building. THE COURT: Oh, they are windows that elevate, not windows that swing in? A. They open—no, they swing, Your Honor, but from one side—he opens one and can get this one from this position and then he opens the other one and gets this one on the outside from this position. He doesn't have to get out on the ledge on a belt as you oftentimes think of a window washer having to do. . . . A. He could fall, there's no question about that. He has to get partly out. Q. Now, what about the laundry workers? A. Well, their function is quite analagous to any laundry function of washing, extracting, ironing and mangling of clothing and linens. THE COURT: It's power machinery? A. Power machinery, yes, sir. Q. But is that exclusively for the hospital? A. Exclusively for the hospital."

█ It is our opinion and we now decide that the state of Washington, acting by its legislature, has exercised its plenary power and control over the appellant as one of its governmental subdivisions by decreeing that in its hospital operations involved in the case before us, it is engaged in extrahazardous work, notwithstanding that it may be said to be performing a governmental function; also that the engineers, laundry workers, and window washers are doing and performing extrahazardous work; and because of such legislative declaration RCW 51.12.040, providing procedure by which the director of labor and industries may declare occupations or work to be extrahazardous and be under the industrial insurance act, does not apply to this case.

We conclude that appellant must contribute to the industrial insurance and medical aid funds.

The judgment is affirmed.

HILL, DONWORTH, and WEAVER, JJ., concur.

SCHWELLENBACH, J. (dissenting)—Originally, municipal corporations did not come within the provisions of the workmen's compensation act. In 1921, the act was amended to include them. That amendment, which is now RCW 51.12-.050, provides in part:

"Whenever the state, county, any municipal corporation, or other taxing district shall engage in any extrahazardous work, . . . in which workmen are employed for wages, this title shall be applicable thereto. . . ."

The amendment does not cover *employees* engaged in extrahazardous work. It covers *counties* engaged in extrahazardous work. We have held that the operation of a hospital is not extrahazardous. It seems to me that the department is attempting to enter through the back door.